**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ENDERBETH JOSE MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2686-D |
| | ) | |
| WARDEN CIMARRON FACILITY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Enderbeth Jose Martinez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Respondents filed a timely response. [Doc. No. 6]. Upon consideration and for the reasons below, Petitioner's Petition is denied as moot.

Petitioner is a citizen of Venezuela who entered the United States on October 27, 2023 at a port of entry and was released into the United States. [Doc. No. 1]. "In 2026," Petitioner was arrested in connection with a "federal criminal allegation"[1] and then transferred to immigration custody. *Id.* Petitioner asserts that his detention without an individualized bond hearing violates his right to due process. [Doc. No. 1]. He further contends that he is eligible for a bond hearing under 8 U.S.C. § 1226(a). *Id.* Petitioner requests immediate release from custody or, alternatively, that Respondents provide a bond hearing under § 1226(a).

[1] The indictment against Petitioner was later dismissed. [Doc. No. 1-5]; *see United States of America v. Enderbeth Jose Martinez*, 26-CR-208 (N.D. Okla July 16, 2026).

On October 26, 2026, Petitioner received a bond hearing, and the Immigration Judge ordered Petitioner be released on bond. [Doc. Nos. 6, 6-1]. Respondents submit that Petitioner has been released, and his habeas petition should therefore be denied as moot. [Doc. No. 6].

Upon consideration, the Court finds that Petitioner's Petition is moot because he received a bond hearing before an Immigration Judge. *See Bravo Carrera v. Figueroa*, No. CIV-26-1064-J, 2026 WL 2521851, at *1 (W.D. Okla. Aug. 26, 2026) (finding petition moot where "Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a) and that bond hearing has occurred."). The undersigned has repeatedly concluded that the proper remedy for similar habeas petitioners is a bond hearing under § 1226(a), without shifting the burden to the government. *See Munoz Escobar v. Mullin*, No. CIV-26-1291-D, 2026 WL 3270063, at *2 (W.D. Okla. Oct. 30, 2026) ("[B]ecause there is an absence of a statutory mandate or binding precedent requiring burden shifting, the Court declines to alter the burden of proof."); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

For these reasons, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED as moot**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE